# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>RYAN STEPHENS,<br><br>            Defendant. | 2:20-CR-336-KJD-DJA<br><br>**Preliminary Order of Forfeiture** |

This Court finds Ryan Stephens pled guilty to Count Three of a Six-Count Criminal Indictment charging him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Criminal Indictment, ECF No. 1; Change of Plea, ECF No. 30; Plea Agreement, ECF No. 32.

This Court finds Ryan Stephens agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment, ECF No. 1; Change of Plea, ECF No. 30; Plea Agreement, ECF No. 32.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment and the offense to which Ryan Stephens pled guilty.

The following property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 21 U.S.C. § 841(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or conspiracy to commit such offense; (2) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of 21 U.S.C. § 841(a)(1); (3) all moneys, negotiable

instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841(a)(1), all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 841(a)(1); (4) any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, 21 U.S.C. § 841(a)(1); (5) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of 21 U.S.C. § 841(a)(1); (6) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1) and 881(a)(2), in violation of 21 U.S.C. § 841(a)(1) and any proceeds traceable to such property; or (7) any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, 21 U.S.C. § 841(a)(1), and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(1); 21 U.S.C. § 881(a)(6) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(a)(2); 21 U.S.C. § 881(a)(11) with 28 U.S.C. § 2461(c); 18 U.S.C. § 924(d)(1), (2)(C), and (3)(B) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p):

1. $21,477 in US currency;
2. $1,175 in US currency;
3. a Glock 27 semiautomatic handgun bearing serial number KLH995;
4. a Panther Arms .223 rifle bearing serial number FH242941;
5. a FN 5.7 mm handgun bearing serial number 386335522; and
6. any and all compatible ammunition

(all of which constitutes property).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

/ / /

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Ryan Stephens in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2). In the alternative, if the value of the property is less than $1,000, the government may instead serve every person reasonably identified as a potential claimant in lieu of publication pursuant to Fed. R. Crim. P. 32.2(b)(6)(C) with Fed. R. Civ. P. Supp. Rule G(4)(a)(i)(A).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was

not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>Daniel D. Hollingsworth
>Assistant United States Attorney
>James A. Blum
>Assistant United States Attorney
>501 Las Vegas Boulevard South, Suite 1100
>Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED August 17, 2021.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE